# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL C. HENDERSON,**
    **Plaintiff,**

 v.                                                                             Case No. 19-C-174

**WILLIAM J. POLLARD,** *et al.*,
    **Defendants.**

## ORDER

Plaintiff Michael C. Henderson, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. The plaintiff also filed a motion to proceed without prepaying the filing fee. This order grants that motion and screens his complaint.

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On February 12, 2019, I ordered the plaintiff to pay an initial partial filing fee of $0.15. The plaintiff sent a letter stating that he could not pay the initial partial filing fee from his regular account. The court will waive the fee and grant the plaintiff's motion. He must pay the entirety of the filing fee over time in the manner explained at the end of this order.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Allegations*

While housed in the Restricted Housing Unit at Green Bay Correctional Institution, the plaintiff was without running water for over 8 days. He could not wash his face or wash his hands after using the toilet. He could not brush his teeth or take his

2

blood pressure medication. He could not flush his toilet; it had to be "force flushed." The defendants only did it when they felt like it.

The plaintiff states that the defendants were well aware that the water was not working in his cell. At least one of the defendants stated that they put in a work order. The reports the defendants provided plaintiff did not reflect they had done so. Body cameras caught the plaintiff demonstrating that nothing happened when he pressed the hot and cold water buttons. The plaintiff had to drink toilet water to stay hydrated. The defendants made jokes about the water and his toilet not working.

*Analysis*

The plaintiff's complaint is deficient in its allegations about the conditions he experienced while in the Restrictive Housing Unit because an Eighth Amendment conditions of confinement claims requires that the defendants affirmatively knew of the condition(s), including by causing them, and refuse to take steps to correct it/them. *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997). The plaintiff's complaint lists many defendants, but he does not tie any specific names to any particular acts or omissions. I will give the plaintiff an opportunity to amend his complaint to include factual allegations about who knew about or created the conditions about which he complains and did nothing to try to fix them.

The plaintiff should refer to this legal standard when amending his complaint: to make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that deprives the

inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Only extreme deprivations will support an Eighth Amendment claim. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Again, I reiterate that prison officials are deliberately indifferent to deprivations suffered by inmates if they have knowledge of the condition but refuse to take steps to correct it. *Dixon*, 114 F.3d at 645.

The plaintiff's complaint does not state a claim upon which relief can be granted. If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **May 30, 2019**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). This means that he must re-allege his deliberate indifference to a medical need claim even though the court found it sufficient. If the plaintiff files an amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A.

**ORDER**

**THEREFORE**, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff's complaint (Docket No. 1) fails to state a claim.

**IT IS FURTHER ORDERED** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so by **May 30, 2019**. If the plaintiff files an amended complaint by the deadline, the court will screen the amended complaint as required by 28 U.S.C. § 1915A. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court further advises plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 10th day of May, 2019.

>s/Lynn Adelman
>LYNN ADELMAN
>United States District Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.